**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **PRESTON BEACHUM, III** ) | |
| ) | |
| v. ) | 3-06-CV-2203-R |
| ) | |
| **CITY OF DALLAS, et al** ) | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on June 11, 2007, referring this case back to the magistrate judge for further proceedings and the provisions of 28 U.S.C. § 636(b), the findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Parties**: At the time Plaintiff filed his complaint in this action he was confined at the Middleton Unit of the Texas Department of Criminal Justice after he entered a no contest plea to the offense of aggravated promotion of prostitution in No. F-05-52331 and was placed on a five-year term of deferred adjudication probation on April 7, 2006, and after his parole in a prior felony conviction was revoked on May 4, 2006 (*See* Plaintiff's answers to Magistrate Judge's Questionnaire filed on December 21, 2006). As of the date of this recommendation, he is again residing in Dallas, Texas. *See* Plaintiff's Notice of Change of Address filed on January 7, 2007.

The Defendants consist of the City of Dallas and thirteen named individuals including the former mayor and other persons employed by the City of Dallas. The court has not issued process pending initial screening which includes Plaintiff's answers to the Magistrate Judge's initial questionnaire and his answer to the Magistrate Judge's supplemental questionnaire filed with his objection on May 31, 2007, to the Magistrate' Judge's recommendation filed in this action on May 21, 2007.

**Statement of the Case**: Plaintiff leased the LaCosta Motel, 4300 Harry Hines Blvd., Dallas, Texas, from Nilam B. Patel on January 1, 2005, for a period of six months until June 30, 2005. *See* lease attached to Plaintiff's objections.

His complaint alleges that in January 2005 he was informed by a representative of the Dallas Area Rapid Transit Authority (DART) that the leased property was subject to condemnation but that Plaintiff would not receive any relocation funds. Beachum alleges that he told the DART representative that he would continue to operate the motel until the condemnation proceedings were completed. He claims that following this occasion a Dallas County deputy sheriff informed him that the motel would be carefully watched and would be shut down if illegal activities were observed.

The complaint further alleges that the City Attorney's office initiated an investigation to determine whether activities at the motel constituted a public nuisance. It further alleges that the motel was inspected for code violations which required Plaintiff to make repairs and that water utilities were terminated until an outstanding past-due amount was paid.

Plaintiff alleges that sometime in February 2005 Dallas police officers began harassing him and his motel patrons by conducting random searches and engaging in conduct intended to intimidate his clientele. He claims to have made complaints to Dallas police officials regarding the conduct of these officers. He claims that on April 6, 2005, the motel was inspected by a S.A.F.E. team which found that no prostitution or narcotics trafficking was then present.

Beachum's operation of the motel ceased on May 5, 2005, when he was arrested for aggravated promotion of prostitution[1] which he claims constituted retaliation by certain of the defendant police officers for Plaintiff having previously made complaints against them. Plaintiff

---

[1] *See* § 43.04(a), Texas Penal Code.

was ultimately indicted for the office, No. F-05-52331, and remained in custody until he entered a no contest plea and was placed on deferred adjudication probation.

**Findings and Conclusions**: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal -
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Section 1915(e)(2)(B)(i) provides for *sua sponte* dismissal if the court finds that the complaint is "frivolous." A compliant is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The crux of Plaintiff's complaint is that the conduct of the named defendants deprived him of the use and benefits of his property interest in the business at the La Costa Motel.

The court first addresses the claims asserted against the City of Dallas, the former mayor, the city attorney, and the chief of police. It is well settled that a city is not liable under 42 U.S.C. § 1983 for the acts or omissions of its employees or agents unless the complained of conduct was pursuant to an unconstitutional established policy or unwritten custom. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978). Plaintiff has failed to identify any unconstitutional policy adopted by the City. Moreover, the enforcement of code ordinances on premises clearly fails to state a cognizable claim under § 1983. *See e.g. Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991).

It is likewise well established that respondeat superior is inapplicable in a § 1983 action to supervisory personnel for the conduct of their subordinates. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *Thompkins v. Belt*, 828 F.2d 303 (5th Cir. 1987).[2]

Plaintiff alleges that Defendants Cunigan, Todd, McGuire, Osborne and Sarmiento failed to investigate his complaints that officers of the Dallas Police Department were engaging in unlawful searches and harassment of his business patrons. "Failure to investigate or prosecute an offense does not give rise to § 1983 liability." *Rolen v. City of Brownfield, Texas*, 182 Fed. Appx. 362, 364 (5th Cir. 2006) (citing *Piotrowske v. City of Houston*, 237 F.3d 567, 582 (5th Cir. 2001). Therefore, claims against these persons are without merit.

Beachum also claims that the defendants engaged in conduct which violate state civil and criminal statutes, namely § 125.0015, Civ.Prac.&Rem.Code and §§ 36.06, 37.02, 42.01 (A)(ii)(A) and (B), Texas Penal Code. However, this claim is not cognizable in a § 1983 since the statute relates solely to federally protected rights. *Jones v. Diamond*, 594 F.2d 997, 1011 (5th Cir. 1979).

The next group of persons identified as defendants consist of Dallas Police Department officers J. D. Hoecker, J.R. Lewis, J. Mr. Ramsey and Thomas J. Peterson whom Plaintiff claims harassed and intimidated him and his business patrons in March 2005 and April 2005. In his complaint he alleges that the increased surveillance of the motel and its patrons by the police was motivated by DART's desire to induce the owner of the premises to settle on a lower condemnation price for the property. Finally, Plaintiff claims that these officers engaged in harassing conduct and in effecting his arrest on May 5, 2005, in retaliation for the administrative complaints he had made

---

[2]It is unclear whether the above identified defendants are sued in their official capacities or individually. However, for the reasons stated above the compliant fails to allege a cognizable claim against them in either capacity.

4

against them.

Improper police conduct which results in losses to a plaintiff's business enterprise can state a claim for relief under § 1983 *See e.g. San Jacinto Savings and Loan v. Kacal*, 928 F.2d 697 (5th Cir. 1991).

However, regardless of any subjective motivation in the minds of law enforcement officers, there is no constitutional prohibition against heightened surveillance directed toward premises where illegal activity has been reported. Plaintiff himself concedes that a known female prostitute was arrested at the motel on May 5, 2005.

As part of the screening process mandated by § 1915(e)(2)(B) the court issued two sets of questions to Plaintiff in order to determine whether there was a legal and factual basis for his claim that the officers had engaged in conduct which violated his constitutional rights. Specifically he was asked to provide information with respect to any false statements made by the officers to motel patrons, the identity of patrons who he claimed were subject to harassment and intimidation and the specifics of any retaliation taken against him or his patrons. *See* Supplemental Questionnaire, Questions 4, 8-9. Plaintiff's answers to these questions are also in marked contrast to the evidence of police interference described in *Kacal*.

The only false representation identified by Beachum in answer to Question 4 was that someone told Roosevelt Webb that he was a pimp. As reflected in Webb's attached affidavit he was an employee, the night manager at the motel. Further, in light of his conviction for aggravated promotion of prostitution, Plaintiff cannot show that the representation made by an otherwise unidentified defendant was false. Question 8 sought specific acts of harassment/intimidation and the identify of the officer(s) who committed the acts and the names of the victimized patrons. No

5

patrons were identified.[3]

Beachum has been given an ample opportunity to identify evidence which supports colorable claims that his business sustained losses due to false statements to his patrons and to harassing and intimidating conduct. It is clear from his answers that he has not met this burden.

Finally, he claims that the foregoing officers and Defendants Peterson and Dewees all retaliated against him for having made administrative complaints by effecting or causing his arrest and subsequent prosecution for aggravated promotion of prostitution. It is clear that the basis for these charges arose from Plaintiff's operation at the La Costa Motel. *See* Plaintiff's answer to Question 6, Supplemental Questionnaire.[4]

"'[M]alicious prosecution' standing alone is no violation of the United States Constitution." *Castellano v. Fragazo,* 352 F.3d 939, 942 (5th Cir. 2003) (en banc). *Castellano* nevertheless recognized that the "initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection ..." *Id.* at 953; *see also Price v. City of San Antonio, Texas*, 431 F.3d 890, 891 (5h Cir. 2005). The complaint is devoid of any allegation that the May 2005 charge for aggravated promotion of prostitution in No. F-05-52331 was initiated without probable cause. Moreover, Plaintiff concedes pleading no contest to the above charge, and receiving a five-year deferred adjudication probation on April 7, 2006. In light of this, Plaintiff's

---

[3]Question 8(d) sought information concerning any arrests of patrons for prostitution to determine whether any had been convicted. No patrons were identified in his answer and 8(d) was not answered. Also, even if patrons were illegally searched, Beachum has no standing to assert their rights. *See Kacal*, 928 F.2d at 704.

[4]Plaintiff alleges that in addition to Peterson and Dewees, that other named police officer defendants were guilty of maliciously prosecuting him for the offense of aggravated promotion of prostitution in No. F-05-52331.

malicious prosecution claim lacks an arguable basis in law.

Insofar as Plaintiff seeks monetary damages for the Defendants' harassing, intimidating and retaliatory practices, which led to his prosecution for aggravated promotion of prostitution, his claim fares no better.  Under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), a court must dismiss a complaint brought pursuant to § 1983 when the civil rights action, if successful, would necessarily imply the invalidity of plaintiff's conviction or sentence, unless plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §§ 2254.  512 U.S. at 486-87, 114 S.Ct. at 2372.  The Fifth Circuit has extended *Heck* to proceedings that call into question the fact or duration or parole.  *See Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995); *McGrew v. Board of Pardons and Paroles Division*, 47 F.3d 158, 161 (5th Cir. 1995).  Under such circumstances, the § 1983 action is subject to dismissal under *Heck* absent a showing that his term of deferred adjudication probation has been invalidated by a state or federal court.  *Littles*, 68 F.3d at 123.  The *Heck* doctrine continues to apply even though a plaintiff is released from confinement, as it recently happened in this case.  *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (determining that *Heck*'s "favorable termination" requirement applied to custodial as well as released inmates).

The crux of the complaint is that Defendants harassed, intimidated and retaliated against Plaintiff, and that such conduct ultimately resulted in his five-year deferred adjudication probation in No. F-05-52331, and parole revocation. If the court were to grant relief in Plaintiff's favor, such ruling would necessarily implicate the validity of his no contest plea and five-year deferred

7

adjudication probation, which constituted one of the grounds for revocation of his parole. *See* answer to Question 2, Magistrate Judge's questionnaire. *Heck* and *Littles, supra*, requires that Plaintiff demonstrate that his deferred adjudication probation has been invalidated by a state or federal court. Beachum has clearly failed to make this showing. He remains under the terms of the probation previously imposed (*See* answer to Question 4, Magistrate Judge's Questionnaire) and no court has invalidated his conviction (*See* answer to Question 7, Magistrate Judge's Supplemental Questionnaire. Therefore, no action under § 1983 for his prosecution for aggravated promotion of prostitution has yet accrued, *Randell*, 227 F.3d at 301, and his claims predicated on his criminal prosecution should be dismissed. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in *Heck* is legally frivolous.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court dismiss Plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

A copy of this recommendation shall be transmitted to

SIGNED this 29th day of June, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain

8

error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.